CHARLES F. TOLL *vs.* CHARLES MERRIAM.

If the examination of a debtor on his application to take the poor debtors' oath is adjourned to another day, and he is ordered to produce certain books of account at the adjourned hearing, and he duly appears at the adjourned hearing within the hour but without the books, and then goes away to get the books without any new request or express consent of the creditor or magistrate, and does not return till shortly after the expiration of the hour, and his absence is not unreasonably or unnecessarily long for that purpose, the magistrate may retain jurisdiction of the case and pursue the examination and administer to him the oath, although the creditor objects thereto.

CONTRACT against the surety in a recognizance, the condition of which provided that the judgment debtor, who had been arrested on an execution in favor of the plaintiff, should within thirty days deliver himself up for examination, giving notice of

the time and place thereof, and duly appear, making no default, and abide the final order of the magistrate thereon.

At the trial in the superior court, before *Ames*, J., without a jury, it appeared that the examination of Drake, the debtor, was duly begun on the 6th of May 1864 and adjourned until May 7th at 9 o'clock A. M. The magistrate's record of what took place on the 7th of May was as follows : " On this day, immediately upon the expiration of the hour, the debtor's and creditor's counsel having been present long before ten o'clock, and the debtor being absent, the creditor's counsel asked for a default for the debtor's not being present within and at the expiration of the hour. While the matter was under discussion the debtor made his appearance, it then being about five minutes after ten o'clock, the creditor still insisting upon a default; but the magistrate declined to enter a default, and the examination was resumed by the creditor, under protest, waiving no rights. And afterwards the oath for the relief of poor debtors was administered to said Drake, and a certificate given to him thereof."

There was evidence tending to show that the debtor appeared after nine and before ten o'clock, and that the reason of his absence afterwards was that he went away to get certain books of account which had been called for by the creditor the day before, and which the magistrate had ordered the debtor to produce at nine o'clock on May 7th, and it was not shown that such absence was unreasonably or unnecessarily long for that purpose. The creditor did not request or consent to the debtor's departure for that purpose, and the magistrate did not expressly consent thereto on that morning. The magistrate testified that the debtor gave no excuse of sickness, accident or necessity for not appearing, but that it was so near the time that, the debtor's counsel being present, he considered it discretionary with him as to the entry of a default.

The judge, holding it not to be proved that the debtor failed to appear at nine o'clock in the presence of the magistrate for the continuance of the examination, ruled that his failure to return until five minutes after ten o'clock, under the circum stances, was not a breach of the condition of the recognizance

and found for the defendant. The plaintiff alleged excep-
tions.

*J. F. Pickering,* for the plaintiff, cited *Phelps* v. *Davis,* 6 Allen,
287, and cases there cited; *Whittier* v. *Way,* Ib. 291; *Gilmore*
v. *Edmunds,* 7 Allen, 360; *Russell* v. *Goodrich,* 8 Allen, 150;
*Piper* v. *Pearson,* 2 Gray, 120.

*E. M. Bigelow,* for the defendant.

BIGELOW, C. J. The burden was on the plaintiff to prove a
breach of the recognizance declared on. *Blake* v. *Mahan,* 2 Al-
len, 75. But the evidence failed to make out even a *prima facie*
case. It did not appear that the execution debtor committed a
breach of the condition by omitting to appear at 9 A. M. of the
day to which the examination was adjourned. On the contrary,
the court expressly found that this fact was not proved, and the
case shows that there was evidence tending to prove that the
debtor did in fact appear after nine and before ten o'clock on
that day. Then the only evidence on which the plaintiff could
rely to prove a breach was, that the debtor was not present before
the magistrate precisely at the expiration of the hour of nine.
But this falls short of adequate proof to charge the defendant,
because it does not appear that the debtor was bound to be there
at that precise moment. The case would have presented a very
different question if it had appeared that the debtor had failed
to appear at all until after the hour had expired. But that not
being shown, it does not follow that the debtor was in default
because he was absent at a subsequent time. For aught that
appeared in evidence, the debtor may have been previously pres-
ent. If so, the magistrate had acquired jurisdiction of the case;
it was within the scope of his authority to continue the proceed-
ings during the hour and after its expiration; he did not lose the
right to take cognizance of the case by the temporary absence
of the debtor; it was competent for the magistrate to suspend
the proceedings for a brief period and to resume them again;
and by doing so on the return of the debtor, he by implication
gave a sanction to his absence, as being for a legitimate purpose.
On this state of facts, it cannot be said that the debtor de-
parted without leave, or that the magistrate had ceased to hold

jurisdiction of the case so that he could not discharge the debtor on his oath. See *Niles* v. *Hancock*, 3 Met. 568.

*Exceptions overruled.*